Scheen *vs.* Hofley.

## No. 7349.

JOHN H. SCHEEN, ADMR., VS. W. C. HOFLEY, ADMR. WILLIAMS AND DICKSON, INTERVENORS.

Where an appeal is taken by the party cast in the suit, and afterwards others, not parties but alleging an interest, also appeal, but fail to cite this original appellant, their appeal will not be dismissed because of such omission.

A notarial title to land, recorded, and respected by the vendor for many years, cannot after the death of the vendee be treated as a nullity by the creditors of the vendor.

The sale of land as succession property of one who does not own it conveys no title to the purchaser.

APPEAL from the District Court for Red River. PIERSON, J.

*J. F. Pierson* for Plaintiff Appellant. *Egan & Ogden* for Williams Intervenor. *L. B. Watkins* for Succession of S. Bedford. *Pegues, Nutt* and *Roach* for Heirs.

Seth Bedford sold a tract of land in 1861, to his father Stephen Bedford. The deed was properly recorded. Stephen died in 1873, and Seth in 1874. Scheen became administrator of Stephen' estate — Hofley of Seth's. Hofley inventoried and sold this land as Seth's, and Williams and Dickson bought it at that succession sale. They held mortgage notes of Seth, which he had given for the purchase price of the land, and in another suit had obtained judgment upon them against Hofley, administrator.

Scheen brought this suit as administrator of Stephen to recover the land of Hofley, administrator of Seth, and Williams and his colleague intervened, claiming it as purchasers at Seth's succession sale. The judgment below was for the defendant and intervenors, and the plaintiff appealed. Before the return day the heirs of Stephen Bedford, residing in different States, also appealed, which appeal the intervenors moved to dismiss upon one ground and the plaintiff (himself appellant) moved to dismiss on another.

After reciting the facts and detailing the complications induced by the various judicial proceedings,

MARR, J. It is wholly immaterial whether Scheen was cited or not. The object of a citation of appeal is to make one a party who would

not otherwise have been a party. By this appeal he was a party appellant, and whether he was or was not cited to answer the appeal of the heirs, their appeal could not change his character as appellant nor his relation to his pending appeal. He demanded the reversal of the judgment appealed from, and a judgment in his favor in accordance with his demand and the heirs appealing from that judgment, could demand nothing more.

The title of Stephen Bedford had stood on the public records from 1861. He had lived twelve years after his purchase, and at his death it was inventoried as his property with the knowledge of his vendor. It cannot be treated as a nullity by the creditors of that vendor after his death. The placing the land on the inventory of Seth Bedford in no manner impaired the title or right of possession of Stephen Bedford's succession, and the sale of it as Seth's property was the sale of another's property and is null. Civil Code, Art. 2452. Williams and Dickson did not acquire any right or title by the succession sale of Seth Bedford, nor of any arrangement or compromise with the administrator of his succession and their judgment against him can have no legal effect, so far as the right and title of the succession of Stephen Bedford are concerned.

*Judgment reversed.*